IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40277 |
| | ) | |
| KORLEY B. SEARS, | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |
| RHETT R. SEARS, RHETT SEARS | ) | ADV. NO. A12-4034 |
| REVOCABLE TRUST, RONALD H. | ) | |
| SEARS, RON H. SEARS TRUST, and | ) | |
| DANE R. SEARS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KORLEY B. SEARS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court in adversary proceeding A12-4034 on a motion for withdrawal of reference (Fil. #35) filed by Defendant, an objection thereto (Fil. #41) filed by Plaintiffs, an objection to the Report and Recommendation (Fil. #44) filed by Defendant, a motion to reconsider order denying motion for withdrawal of reference (Fil. #45) filed by Defendant, a response thereto (Fil. #46) filed by Plaintiffs; and in bankruptcy case BK10-40277 on a motion for withdrawal of reference (Fil. #283) filed by Defendant-debtor, an objection thereto (Fil. #298) filed by Plaintiffs-creditors, an order entered by this court denying the motion for withdrawal of reference (Fil. #303), a motion to reconsider said order (Fil. #321) filed by Defendant-debtor, and a reply thereto (Fil. #327) filed by Plaintiffs-creditors. This Report and Recommendation will be filed in both the adversary proceeding and the bankruptcy case. Brian J. Koenig and Donald L. Swanson represent Plaintiffs and Jerrold L. Strasheim represents Defendant.

By separate order, Defendant's motion to reconsider will be granted and this Report and Recommendation is hereby submitted to the United States District Court. For the reasons discussed below, the undersigned respectfully recommends that the district court deny the motion to withdraw the reference of these matters. The undersigned further recommends that the district court impose monetary sanctions on Defendant and his attorney for filing frivolous pleadings, for causing undue delay, and attempting to make a mockery of the bankruptcy system. Finally, the undersigned requests an expedited ruling from the district court as the underlying bankruptcy issues will be set for trial shortly.

This court earlier denied Defendant's motion for withdrawal of reference with a text order (Fil. #42 in AP12-4034 and Fil. #303 in BK10-40277), incorporating by reference an earlier order dealing with the same issues, only raised by Defendant in a different format. Subsequently, Defendant correctly pointed out that only the district court can rule on a motion to withdraw the reference. Therefore, this Report and Recommendation is provided to the district court.

Motions for withdrawal of reference are governed by 28 U.S.C. § 157(d), which provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The issue in the underlying adversary proceeding is simply whether Defendant is entitled to a discharge under the United States Bankruptcy Code. The issue in the bankruptcy case is the validity and amount of a claim against the estate. Such issues are vital to the bankruptcy process and the adjustment of the debtor-creditor relationship. Clearly, these are issues that arise under Title 11 and are within the bankruptcy court's constitutional authority under even a strained reading of *Stern v. Marshall*, 131 S. Ct. 2594 (2011). Rather than continue to repeat the same mantra, a copy of this court's order (Fil. #23 in AP12-4034) denying Defendant's earlier motion raising these same issues is attached hereto and incorporated by reference. I further adopt and incorporate all of the arguments raised by Plaintiffs in their opposition to the motion to withdraw the reference (Fil. #46 in AP12-4034). Defendant's description of the issues as set forth in his motion to withdraw the reference can at best be described as "creative," but more properly described as imaginary and frivolous. The filings by the Defendant appear to serve no purpose other than to cause delay and impose additional burdens on the court and the opposing parties.

Filing a pleading that is not well grounded in fact, warranted by existing law, or based on a good faith argument for a change of existing law can result in the imposition of sanctions pursuant to Rule 9011(b). *Young v. Young (In re Young)*, 497 B.R. 922, 928 (Bankr. W.D. Ark. 2013). Conduct challenged under Rule 11/Rule 9011 must be analyzed for its objective reasonableness. "Sanctions for litigation abuse are intended as a balance between responsible conduct by the litigants and 'creative and ardent representation.' *American Residential Mortg., LP v. Thayer (In re Thayer)*, 384 B.R. 546, 553 (B.A.P. 8th Cir. 2008) (quoting *Halverson v. Funaro (In re Frank Funaro, Inc.)*, 263 B.R. 892, 901 (B.A.P. 8th Cir. 2001)). If the court finds that "an attorney 'submitted a claim that has no chance of success under existing precedents and that fails to advance a reasonable argument to extend, modify, or reverse the law as it stands,'" then sanctions may be imposed. *Id.* at 553-54 (quoting *Halverson*, 263 B.R. at 900).

I believe that the pending filings by Defendant and his attorney, which are raised for the third time in these proceedings, are not well grounded in fact or law and were not filed in good faith. I respectfully recommend that the United States District Court deny the motion to withdraw the reference of both the bankruptcy case and the adversary proceeding. I further recommend that the district court impose monetary sanctions on the Defendant and his attorney for filing frivolous pleadings.[1] Such sanctions should include, at a minimum, the legal fees the Plaintiffs have incurred to again defend against baseless allegations. Finally, I request that the district court expedite a ruling on this Report and Recommendation so that we can proceed with these matters in bankruptcy court, where they belong.

DATE:  February 21, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Brian J. Koenig/Donald L. Swanson
    *Jerrold L. Strasheim
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1] The reason I recommend that the sanctions be imposed by the district court instead of the bankruptcy court is because I have no doubt Mr. Strasheim would challenge my authority to do so and it would save a step to have the district court impose the sanctions in the first instance.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40277-TLS |
| | ) | |
| KORLEY B. SEARS, | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |
| RHETT R. SEARS, RHETT SEARS | ) | ADV. NO. A12-4034-TLS |
| REVOCABLE TRUST, RONALD H. SEARS, | ) | |
| RON H. SEARS TRUST, and | ) | |
| DANE R. SEARS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KORLEY B. SEARS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

    This matter is before the court on "Defendant's Motion Concerning Jurisdictional, Constitutional, and Jury Trial Defenses" (Fil. #19), and an objection filed by Plaintiffs Rhett R. Sears, Ronald H. Sears, Dane R. Sears, Ron H. Sears Trust, and Rhett Sears Revocable Trust (Fil. #21). Brian J. Koenig and Donald L. Swanson represent the Plaintiffs, and Jerrold L. Strasheim represents the Defendant.

    Unfortunately, Defendant failed to request any relief as part of his motion. The motion was purportedly filed to comply with this court's text order dated November 8, 2012, which was issued regarding the preliminary pretrial statement entered into by the parties, and which ordered, in part "[s]ince Defendant appears to be raising issues as to jurisdiction, constitutional authority and right to a jury trial, Defendant is ordered to file an appropriate motion to address any or all of such claims, with supporting brief, by February 1, 2013." As indicated, Defendant filed the pending motion, but failed to seek any relief with respect to such issues. However, in light of the context in which the motion was filed, this court will assume that Defendant is seeking a dismissal based on the defenses raised. In that regard, this court has previously denied a motion to dismiss filed by Defendant, which concerned many of the same issues as the pending motion. *See* Fil. #10. The ruling and analysis in the Order at Fil. #10 is applicable here.

    In paragraph I of the motion, Defendant asserts that Plaintiffs "do not have standing and the bankruptcy court does not have subject matter jurisdiction to convert Korley's Chapter 11 case to a Chapter 7 case or to obtain relief against Korley available in Chapter 7 of the Bankruptcy Code

. . . ." The complaint seeks denial of a Chapter 11 discharge; it does not seek to convert the Chapter 11 to a Chapter 7 case. Therefore, Defendant's defense based on conversion is denied.

Defendant also seems to believe that because he is a "farmer," he is immune to any relief available in Chapter 7 of the Bankruptcy Code. However, as Plaintiffs aptly point out in their objection, § 1141(d)(3) of the Bankruptcy Code expressly provides that a Chapter 11 debtor may, under certain circumstances, be denied a discharge in Chapter 11 if the debtor would be denied a discharge under § 727(a) of the Bankruptcy Code. There is no exception to the applicability of 11 U.S.C. § 1141(d)(3) to farmers. Therefore, this defense must be denied.

In paragraph II of Defendant's motion, he asserts that the Eighth Circuit Court of Appeals has exclusive jurisdiction to determine whether Plaintiffs' claims have been discharged. However, Defendant overlooks the fact that the case in front of the Court of Appeals involves a proof of claim filed by Plaintiffs in a different bankruptcy case (the case of AFY, Inc.) and that both the bankruptcy court and the Bankruptcy Appellate Panel had ruled in favor of Plaintiffs on their claim. Further, Defendant has not objected to the claim filed by Plaintiffs in Defendant's underlying bankruptcy case. Accordingly, this defense is overruled.

In paragraph III of the motion, Defendant asserts that this court lacks the constitutional authority to determine fraudulent transfer issues. Through this defense, Defendant mischaracterizes Plaintiffs' complaint. Quite clearly, Plaintiffs' complaint is to deny Defendant a discharge for various reasons set forth in 11 U.S.C. § 727(a). This case does not include a cause of action to recover a fraudulent transfer. The complaint at issue deals with dischargeability, which is clearly within the court's jurisdiction and constitutional authority as a core bankruptcy issue. 28 U.S.C. § 157(b)(2)(J).

In paragraph IV, Defendant asserts that due process requires a trial before an Article III tribunal. In paragraph V, Defendant asserts a right to a jury trial in front of an Article III court. Defendant again seems to be mischaracterizing Plaintiffs' complaint as an action for recovery of a fraudulent transfer. It is not. It is a complaint to deny Defendant a discharge. Actions to determine whether a discharge should be granted are core proceedings. 28 U.S.C. § 157(b)(2)(J). There is no right to a jury trial in such actions because they are equitable in nature. *Am. Express Travel Related Serv. Co., Inc. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1124 (9th Cir. 1996) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), for Seventh Amendment applicability to legal and equitable actions); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1502-08 (7th Cir. 1991) (stating "The Seventh Amendment confers no right to a jury trial on a debtor . . . who files voluntarily for bankruptcy and is a defendant in [a non-dischargeability] adversary proceeding."). A dischargeability proceeding is an essentially equitable action, and there is no right to a jury trial pursuant to 28 U.S.C. § 157. A debtor who voluntarily files a petition in bankruptcy waives his or her right to a jury trial on disputes that are vital to the bankruptcy process and the adjustment of the debtor-creditor relationship.

Defendant voluntarily filed his petition in bankruptcy and thereby waived his right to a jury trial on disputes that are vital to the bankruptcy process and the adjustment of the debtor-creditor

-2-

relationship. Thus, Defendant's due process defense is denied and Defendant's request for a jury trial is denied.

IT IS ORDERED: The defendant's "Motion Concerning Jurisdictional, Constitutional, and Jury Trial Defenses" (Fil. #19) is denied.

DATE: March 5, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Brian J. Koenig/Donald L. Swanson
    *Jerrold L. Strasheim
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.