IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RHETT R. SEARS, et al., | |
| Plaintiffs, | 4:14-CV-3041 |
| vs. | MEMORANDUM AND ORDER |
| KORLEY B. SEARS, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation of the United States Bankruptcy Judge (filing 1) and plaintiffs' motion for attorney fees (filing 4). The Court has reviewed the defendant's objection (filing 5) to the report and recommendation, and finds it to be completely without merit. The Court will, therefore, overrule the objection, deny the plaintiffs' Motion for Withdrawal of Reference (case no. 4:12-ap-4034, filing 35), and grant the plaintiffs' motion for attorney fees.

MOTION FOR WITHDRAWAL OF REFERENCE

The underlying bankruptcy case is an adversary proceeding filed to determine the dischargeability of the defendant's debt. The plaintiffs, who are creditors of the defendant in his Chapter 11 bankruptcy proceeding, allege that he failed to disclose his interest in certain property that he had supposedly transferred but actually had retained. According to the plaintiffs, the defendant's actions warrant denial of a discharge pursuant to several subsections of 11 U.S.C. § 727(a). *See* case no. 4:12-ap-4034, filing 1. The defendant claims that this Court should withdraw the reference of the adversary proceeding to bankruptcy court pursuant to 28 U.S.C. § 157(d).[1]

---

[1] Section 157(d) provides that

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

It appears that the defendant is arguing for mandatory withdrawal pursuant to the second sentence of § 157(d), rather than permissive withdrawal under the first sentence. But

BANKRUPTCY COURT JURISDICTION/RIGHT TO JURY TRIAL

The defendant primarily argues, relying on *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and *Grandfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), that the bankruptcy court lacks jurisdiction to determine whether the defendant fraudulently transferred property. *See* filing 6 at 4-6. In a related argument, the defendant contends that he has a right to a jury trial on such a claim. *See* filing 6 at 6-7.

But as the bankruptcy court has repeatedly tried to explain to the defendant, *this is not a fraudulent transfer claim*. The defendant filed for bankruptcy, seeking to have his debts discharged, and the plaintiffs filed a complaint with the bankruptcy court alleging that the defendant's debts should not be discharged. In other words, it was the defendant who filed a bankruptcy petition seeking relief from the bankruptcy court under the Bankruptcy Code, and the bankruptcy court obviously has jurisdiction to decide whether or not to grant such relief. *See In re Anthony*, 481 B.R. 602, 614 (D. Neb. 2012). "The bankruptcy court exists to decide issues arising under the Bankruptcy Code, and because the existence of the remedy depends upon Congress' exercise of authority, Congress can limit the extent to which a judicial forum is available." *Id.* (citing *Stern*, 131 S. Ct. at 2612).

It is, in fact, well understood that a determination of dischargeability is necessary to the claims-allowance process and may be determined by the bankruptcy court consistent with *Stern*. *See*, *Pearson v. Almgren*, 685 F.3d 691, 695 (8th Cir. 2012); *In re Deitz*, 469 B.R. 11, 18-20 (B.A.P. 9th Cir. 2012) (collecting cases); *In re Sherali*, 490 B.R. 104, 115-17 (Bankr. N.D. Tex. 2013); *In re Boricich*, 464 B.R. 335, 336-37 (Bankr. N.D. Ill. 2011); *see also Mason v. Ivey*, 498 B.R. 540, 547-49 (M.D.N.C. 2013) (avoidance action). "'[T]here can be little doubt that a bankruptcy court, as an Article I tribunal, has the constitutional authority to hear and finally determine what claims are non-dischargeable in a bankruptcy case.'" *Deitz*, 469 B.R. at 20 (quoting *In re Carroll*, 464 B.R. 293, 312 (Bankr. N.D. Tex. 2011), *aff'd sub nom*, *Carroll v. Farooqi*, 486 B.R. 718 (N.D. Tex. 2013)). Nor is the defendant's constitutional right to a jury trial implicated by the bankruptcy court's determination of the dischargeability of his debts. *Pearson*, 685 F.3d at 694-95; *see Boricich*, 464 B.R. at 336-37; *see also Mason*, 498 B.R. at 549. There is no common-law or constitutional right to have one's debts discharged in bankruptcy—that remedy was created by Congress, and "'Congress may set the terms of adjudicating a suit when the suit could not otherwise proceed at all.'" *Anthony*, 481 B.R. at 614 (quoting *Stern*, 131 S. Ct. at 2612).

---

because the defendant's supporting arguments are without merit, the Court need not work out what standards the defendant is asking the Court to apply.

It is, simply put, absurd to contend that the bankruptcy court lacks jurisdiction to decide whether a debt may be discharged in bankruptcy. The defendant contends that the plaintiffs' nondischargeability argument is "inextricably intertwined with" and "virtually the same as fraudulent transfer claims." Filing 6 at 7-9. But "virtually the same" is not the same, and the bottom line is that it is *the defendant* who has asked for relief from the bankruptcy court. He cannot do that and then deny the bankruptcy court's jurisdiction to decide whether he is entitled to it.

## CHAPTER 7 CONVERSION

The defendant also argues that his Chapter 11 bankruptcy proceeding cannot be converted into a Chapter 7 proceeding without his consent, because he is a farmer. *See* 11 U.S.C. § 1112(c). And that much is true. *See id*. But there are two problems with the defendant's argument.

The first is that nothing in this proceeding converted the defendant's Chapter 11 reorganization into a Chapter 7 liquidation. Chapter 11 provides that the confirmation of a reorganization plan

> does not discharge a debtor if--
>
> (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
>
> (B) the debtor does not engage in business after consummation of the plan; and
>
> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. § 1141(d)(3). This does not mean that applying § 727 in a Chapter 11 proceeding "converts" the entire proceeding to Chapter 7. It simply means that Chapter 11 borrows a Chapter 7 provision as part of the criteria for determining whether debts are discharged *under Chapter 11*.

But the second problem with the defendant's argument is more fundamental—it has nothing to do with his motion to withdraw the reference to bankruptcy court. An Article III court has no more authority to convert a Chapter 11 proceeding than does an Article I court. The defendant's argument has nothing to do with which court should hear the plaintiffs' claim—it is just a garden-variety assignment of error. In point of fact, the bankruptcy court didn't err—but even if it had, the error would provide no basis for withdrawing the reference.

MOTION FOR ATTORNEY FEES

The bankruptcy judge recommended that the Court sanction the defendant and his counsel for frivolous filings. Filing 1 at 2-3. This Court directed the plaintiffs to make a showing regarding a sanction and fee award, see filing 3, and in response the plaintiffs filed a motion for attorney fees. Because this motion straddles the bankruptcy court and this Court, both Fed. R. Civ. P. 11(c) and Fed. R. Bankr. P. 9011(c) are implicated. But because the language of Rule 9011 closely tracks that of Rule 11, the Court can apply them (and cases interpreting them) interchangeably. *See In re Mahendra,* 131 F.3d 750, 759 (8th Cir. 1997).

The primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct. *Kirk Capital Corp. v. Bailey,* 16 F.3d 1485, 1490 (8th Cir. 1994); *see also Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 392-93 (1990). The Court may impose sanctions if it determines a filing is being presented for an improper purpose, or that a party's "claims, defenses, and other legal contentions" are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(b) and (c); Rule 9011(b) and (c).

The Court finds, based on the discussion above, that the defendant's motion to withdraw reference was warranted neither by existing law nor by a nonfrivolous argument for changing the law or making new law. Even had the defendant's argument initially been reasonable—which is itself a strained hypothesis—the defendant should have been disabused of any illusions about his argument by the bankruptcy court's repeated explanations of why it lacked merit. The defendant has been making some of these arguments *since 2012. See* case no. 4:12-ap-4034, filing 8. First, the defendant's motion to dismiss was denied. Case no. 4:12-ap-4034, filing 10. Then the plaintiffs' jurisdictional motion was denied. Case no. 4:12-ap-4034, filing 23. Then the plaintiffs' motion for withdrawal of reference was denied by the bankruptcy court, case no. 4:12-ap-4034, filing 42, only to be reconsidered and submitted to this Court.[2] Filing 1. Then the defendant objected to the bankruptcy court's report and recommendation. Filing 5. The defendant's reiteration of the same point, in the face of repeated and persuasive rejection, supports imposing sanctions. *See, In re Crofford,* 301 B.R. 880, 885-87 (B.A.P. 8th Cir. 2003); *In re Brown,* 152 B.R. 563, 567-68 (Bankr. E.D. Ark. 1993).

---

[2] To be clear—the defendant was correct that the bankruptcy court could not deny his motion to withdraw the reference. Only the district court can do that. *See* 28 U.S.C. § 157(d). But the fact that the defendant was *procedurally* correct should not have prevented the defendant from seeing that his argument lacked substantive merit. It was apparent in bankruptcy court that the defendant was beating a dead horse. The defendant's procedural ability to move the carcass to District Court did not resuscitate it.

The defendant complains that he was not given sufficient notice that sanctions were being considered, and that the bankruptcy court's report and recommendation was insufficiently specific. Filing 6 at 14. Both contentions are without merit. The bankruptcy court simply recommended sanctions to this Court, offering the defendant an opportunity to respond. And the report and recommendation quite clearly cited Rule 11 and Rule 9011 and stated that sanctions should be imposed based on the fact that the defendant's filings were "not well grounded in fact or law and were not filed in good faith." Filing 1 at 3. That identified the basis for sanctions sufficiently to permit the defendant to respond, which he has.

Finally, the defendant contends that he was not offered "safe harbor." *See,* Rule 11(c)(2); Rule 9011(c)(1)(A). That contention is more complicated. Generally speaking, the "safe harbor" provision requires a party moving for sanctions to serve the motion and then wait 21 days before filing it with the court, to permit the opposing party an opportunity to withdraw the offending filing. *See id.* Of course, the Court may also consider sanctions *sua sponte*. *See,* Rule 11(c)(3); Rule 9011(c)(1)(B). And if it does, "safe harbor" may not be available. *See, Peer v. Lewis,* 606 F.3d 1306, 1315 n.9 (11th Cir. 2010); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 579 F.3d 143, 150 (2d Cir. 2009); *In re Bees,* 562 F.3d 284, 287 (4th Cir. 2009); *United Nat'l Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1116 (9th Cir. 2001); *Laurino v. Tate,* 220 F.3d 1213, 1219 (10th Cir. 2000); *Elliott v. Tilton,* 64 F.3d 213, 216 (5th Cir. 1995). But if the Court imposes sanctions *sua sponte*, the sanction must be reviewed with particular strictness, and must be paid to the Court, not to the opposing party. See *Norsyn, Inc. v. Desai,* 351 F.3d 825, 831-32 (8th Cir. 2003).

That said, the Court is satisfied that safe harbor was made available to the defendant here. The safe harbor provision requires a motion to be held for 21 days after service "or within another time the court sets." Rule 11(c)(2); *see also* Rule 9011(c)(1)(A). And in this case, because the bankruptcy court asked the Court to expedite resolution of this matter, 21 days was too long to wait. That was why the Court specifically ordered the plaintiffs to file their motion for fees within a week of the Court's receipt of the bankruptcy court's report and recommendation. *See* filing 3.

In other words, it was within this Court's authority to set a safe harbor deadline, and it did so. But instead of seeking safe harbor, the defendant doubled down, filing an objection to the report and recommendation that reiterated the spurious arguments the Court rejected above. And by that time, it was not objectively reasonable to believe in the merits of the motion. *See Crofford,* 301 B.R. at 886 (citing *Coonts v. Potts,* 316 F.3d 745, 753 (8th Cir. 2003)). The Court will, therefore, award grant the plaintiffs' motion for

attorney fees and award the sanctions to the plaintiffs.[3] And because there is nothing before the Court to suggest that the defendant, as opposed to his counsel, was responsible for his position on this rather esoteric legal question, the Court will require those sanctions to be paid by defendant's counsel. *See,* Rule 11(c)(5)(A); Rule 9011(c)(2)(A); *see also, Tenkku v. Normandy Bank,* 348 F.3d 737, 744 (8th Cir. 2003); *Kirk Capital Corp. v. Bailey,* 16 F.3d 1485, 1491-92 (8th Cir. 1994).

What remains is the amount of the sanction. A sanction imposed under Rule 11 must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Rule 11(c)(4); *see also* Rule 9011(c)(2). And, of course, compensatory sanctions must be reasonable in amount. *Landscape Props, Inc. v. Whisenhunt,* 127 F.3d 678, 685 (8th Cir. 1997); *see,* Rule 11(c)(4); Rule 9011(c)(2). The Court, having reviewed the record, calculates the plaintiffs' reasonably incurred attorney fees as follows:

| Counsel | Reasonable number of hours for work | Reasonable hourly rate | Total |
|---|---|---|---|
| Donald L. Swanson (shareholder with 3 decades' experience) | 4 | $325.00 | $1,300.00 |
| Brian Koenig (shareholder with 6 years' experience) | 5.5 | $220.00 | $1,210.00 |
| Total | | | $2,510.00 |

Accordingly, the Court will award attorney fees to the plaintiffs in the amount of $2,510.00.

IT IS ORDERED:

1. The Report and Recommendation of the United States Bankruptcy Judge (filing 1) is adopted.

2. The defendant's Motion for Withdrawal of Reference (case no. 4:12-ap-4034, filing 35) is denied.

---

[3] That the subject of sanctions was brought up by the bankruptcy court, and the plaintiffs' motion was invited by this Court, does not mean that the motion is any less the plaintiffs' for purposes of ordering the sanction to be paid to the plaintiffs as opposed to the Court. *See Laurino,* 220 F.3d at 1219; *cf., St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.,* 245 Fed. Appx. 588, 590 (9th Cir. 2007), *aff'g Vedatech v. St. Paul Fire & Marine Ins. Co.,* No. 04-1249, 2005 WL 1513130, at *10-12 (N.D. Cal. June 22, 2005); *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698, 702 (5th Cir. 1999).

3. The defendant's objection (filing 5) to the report and recommendation is overruled.

4. The plaintiffs' motion for attorney fees (filing 4) is granted.

5. The plaintiffs are awarded attorney fees in the amount of $2,510.00 from the defendant's counsel.

6. The Clerk of the Court is authorized to accept payment from the defendant's counsel, pursuant to this memorandum and order, and deliver those funds to the plaintiffs' counsel.

Dated this 7th day of March, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge